IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY J. SABEY,<br><br>      Petitioner,<br><br>v.<br><br>SCOTT CROWTHER et al.,<br><br>      Respondents. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT PETITION**<br><br>Case No. 2:16-CV-893-CW<br><br>District Judge Clark Waddoups |

  Petitioner, Cody J. Sabey, a Utah State Prison inmate, filed a *pro se* habeas-corpus petition. *See* 28 U.S.C.S. § 2241 (2017). Reviewing the Petition, the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

**Deficiencies in Petition**

Petition:

(a) is not on a Court-approved form.

(b) has possibly been supplemented by numerous other potential claims in a variety of other documents filed in this case by Petitioner.

(c) has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs.

Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas-corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2017); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241. Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

### • Utah's Indeterminate Sentencing Scheme

Petitioner possibly attacks the constitutionality of Utah's indeterminate-sentencing scheme. The same types of challenges have been soundly rejected by the Tenth Circuit in the past. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). The Court may deny any relief on the basis of this possible § 2254 claim.

Petitioner's more specific challenges to the BOP's authority to determine his actual term of imprisonment within his sentence of one-to-fifteen years may be based on *Booker*, *Blakely*, and *Apprendi*. *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He again may be arguing that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional.

As to *Booker*, *Blakely*, and the constitutionality of indeterminate sentencing schemes, Petitioner's assertions would fail. *Booker* (in which the Supreme Court explained that the federal sentencing guidelines are advisory, 543 U.S. at 245-46) and *Blakely* (in which the Supreme Court held, in the context of Washington's *determinate* sentencing scheme, that a judge could not, based on a fact found by himself and not the jury, increase a defendant's sentence beyond the

statutory maximum, 542 U.S. at 308-14) are both inapposite to this case, involving a *state indeterminate* sentencing scheme and the determination of length of imprisonment *within a valid sentencing range*. Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely*, 542 U.S. at 308.

*Apprendi* is also inapplicable. *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner may be suggesting that the BOP should not have been able to "increase" his sentence without a jury's findings. However, the sentence was determined by the trial court at the time of conviction, not during the BOP's review of the term of service within the sentence. BOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed original sentence and has proposed to do nothing more, and so it cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to the end of the original sentence. Under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled.

- **Questions of State Law**

The Court next addresses any of Petitioner's possible assertions under § 2241 that he was entitled to an earlier release, based on "the matrix"; that BOP did not protect his constitutional rights in determining whether to grant him parole (by following guidelines, among other things); and, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2017). As to BOP's decision about the length of Petitioner's prison stay and

its denial of constitutional rights in determining whether to grant parole, Petitioner may not state how any of this violates any federal rights. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

The Court also addresses Petitioner's possible arguments, about due process in parole determinations, based on *Labrum. See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner should thus keep in mind that he has no valid argument here based on state law.

**MOTION FOR APPOINTED COUNSEL**

The Court now evaluates Petitioner's motion for appointed counsel. The Court initially notes that Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the

interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2017).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. The Court thus denies for now Petitioner's motion for appointed counsel.

## O R D E R

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed herein, this action will be dismissed without further notice.

(4) Petitioner's motion for appointed counsel is **DENIED**. (*See* Docket Entry # 6.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

(5) Petitioner's motions for service of process are **DENIED**. (*See* Docket Entry #s 7, 12 & 14.) Such motions are unnecessary in a federal habeas case because the Court is required by rule to screen the petition and order a respondent to answer if warranted. Further, based on this Order, there is no valid petition on file as of now.

(6) Petitioner's motions for his "Complaint and Application for an Extraordinary Writ" to be placed under seal, for a hearing to discuss possible settlement, and for summary judgment are all **DENIED**. (*See* Docket Entry #s 9, 20 & 22.) These requests are out of the ordinary and Petitioner states no reasons for needing such actions. And, again, there is no valid petition on file now.

(7) Petitioner's motions to amend his petition are **GRANTED**. (*See* Docket Entry #s 13, 16, & 17.) Under the terms of this Order, Petitioner is moreover *required* to amend his petition to proceed further with this action. However, the information contained in each of those motions must be incorporated into one cohesive amended petition.

DATED this 31st day of July, 2017.

BY THE COURT:

Clark Waddoups
United States District Court Judge