# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CODY JAMES SABEY**, <br><br> Petitioner, <br><br> v. <br><br> **SCOTT CROWTHER et al.**, <br><br> Respondents. | **MEMORANDUM DECISION & ORDER GRANTING RESPONDENTS' MOTION TO DISMISS** <br><br> Case No. 2:16-CV-893 CW <br><br> Judge Clark Waddoups |

Petitioner Cody J. Sabey attacks the execution of his state sentences. 28 U.S.C.S. § 2241 (2018). After burglary convictions, he was sentenced to two five-years-to-life sentences and one one-to-fifteen-years sentence. The Utah Board of Pardons and Parole (BOP) later granted him parole, then revoked it and decided that Petitioner would expire his sentence in prison.

Petitioner specifically challenges the execution of his sentences as "involuntary servitude," mistakenly asserting that when BOP released him on parole it was taking his indeterminate sentence and making it a determinate sentence. He apparently believes that once he was released on parole his sentences ended. He appears to view parole, its revocation, and reinstatement of his imprisonment under his original sentences as all beyond BOP's authority and as violating the Federal Constitution.

Arguing that Petitioner has not stated a claim upon which relief may be granted, Respondent moves for dismissal. The Court grants the motion.

Respondents are entitled to dismissal if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maher v.*

*Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998) (quotations and citations omitted). To survive a motion to dismiss, the Petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## PAROLE GRANT DOES NOT END A SENTENCE NOR IS IT A SEPARATE SENTENCE

It is axiomatic that "[t]he essence of parole is release from prison, before completion of the sentence, on condition that the prisoner abide by certain rules during the balance of the sentence. Parole is not freedom." 59 Am. Jur. 2d Pardon and Parole § 6 (1987). Indeed, "[t]he granting of parole to a prisoner does not terminate the sentence that he is serving. Rather, supervision in the prison setting is replaced with supervision by probation authorities. The confinement period and any subsequent period of parole supervision are best understood as two parts of a single indivisible sentence." *United States v. Einspahr*, 35 F.3d 505, 507 (10th Cir. 1994) (citations and quotations omitted). A parole "[r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).

This short explanation of well-settled law defeats Petitioner's argument, which really is so baseless as to be frivolous.

## UTAH'S INDETERMINATE SENTENCING SCHEME

Petitioner possibly also attacks the constitutionality of Utah's indeterminate-sentencing scheme. He appears to assert that Utah's indeterminate sentencing scheme, under which the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*,

130 S. Ct. 1737 (2010). Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely v. Washington*, 542 U.S. 296, 308 (2004). The Court thus denies any relief on this possible component of Petitioner's claims.

### BOP'S AUTHORITY TO DETERMINE ACTUAL TERM OF IMPRISONMENT WITHIN A SENTENCING RANGE

Petitioner seems to challenge BOP's authority to determine his actual term of imprisonment within his sentences of one-to-fifteen years and five-years-to-life. Petitioner possibly argues that BOP should not have been able to "increase" his sentence. However, the sentence was determined by the trial court at the time of conviction, not during BOP's review of the term of service within the sentence. BOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentences of one-to-fifteen years and five-years-to-life and has proposed to do nothing more. So BOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to life in prison. Under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

### STATE-LAW ISSUES

The Court next addresses any of Petitioner's possible assertion that *Labrum* was violated. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do

not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## CONCLUSION

**IT IS ORDERED** that Respondents' motion to dismiss is **GRANTED**. (Doc. No. 35.) This action is **CLOSED**.

DATED this 14th day of September, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge